THE ATTORNEY GENERAL
OF TEXAS
Gerald C. Mann                    AUSTIN 11, TEXAS
XXXXXXXXXXXXXXXXXXXXRID
ATTORNEY GENERAL



Honorable H. L. Washburn
County Auditor, Harris County
Houston, Texas

Dear Sir:                         Opinion No. O-1011-A
                                  Reconsideration of Opinion No. O-1011
                                  Re:  Authority of Auditor to approve
                                       expenditures described for Tri-
                                       City Fresh Water Supply District
                                       #2 of Harris County.

          Early in July of 1939 you submitted to this department a letter
requesting an opinion as to whether or not the Tri-City Fresh Water Supply
District was lawfully authorized to expend funds received by it, either
through taxes or otherwise, for the purpose of constructing and maintain-
ing sanitary sewer lines and disposal plants. We quote from your letter
as follows:

          "The bond issue will doubtless be submitted to you for
          approval, if that has not already been done . . . . Pro-
          ponents of the district evidently believe they can make
          expenditures for sanitary sewer lines and disposal plants.
          This letter is not to be considered as raising any ques-
          tion with respect to the bond record which either has been
          or will be submitted to you, as I have absolutely no con-
          cern with it, but it does relate to the authority of the
          supervisors of the district to expend the proceeds for
          these purposes in order that I may, as Auditor of the Dis-
          trict, correctly approve or disapprove claims submitted to
          me."

          On July 13, 1939, in an opinion, Number O-1011, we held that the
district could lawfully expend funds for the purpose of constructing and
maintaining sanitary sewer lines and disposal plants.

          The bond transcript from this district having been submitted to
this department caused us to reconsider said opinion and we have determined
that we were in error in the conclusion reached therein, and, therefore,
reqrite the opinion answering the question in the negative.

          In the proceedings for the issuance of the bonds the purpose is
stated: ". . . To have installed within the boundaries of such district a
fresh water system to consist of the necessary well or wells, pumping sta-
tions, water lines, sanitary sewer lines, disposal plants, fire hydrants,

and all necessary connections thereto, in order to establish a complete system to furnish to the residents of said district a supply of fresh water for domestic and commercial purposes as contemplated by Article 7881 of the Revised Civil Statutes." (Underscoring ours).

Article 7881 of Vernon's Annotated Civil Statutes authorized the creation of fresh water supply districts "for the purpose of conserving, transporting and distributing fresh water from lakes, pools, reservoirs, wells, springs, creeks and rivers for domestic and commercial purposes, as contemplated by Section 59, Article 16 of the State Constitution."

This broad statement of the purpose for which freshwater supply districts may be formed is not elaborated upon in the succeeding articles of the Chapter of which it is a part.

You will note the statement above given of the purposes for which this particular district was formed, that the proceedings include the construction of sanitary sewer lines and disposal plants. These purposes are not enumerated in the article nor in the chapter covering fresh water supply districts, Article 7881, et sequents.

We are unable to satisfy ourselves that the authority given by the statutes includes the construction of sanitary sewer lines and disposal plants -- such authority does not seem to be within the scope of the statute. After a more careful study of the case of Ptacek vs. Hofheinz, 128 S.W. (2d) 872, we feel that the qeustion of issuing bonds was not before the court. The opinion merely held that the district was duly and legally created under Article 16, Section 59 of the Constitution of Texas, and under Chapter 4, Title 128, Revised Civil Statutes of Texas. The question of issuing bonds for sanitary sewer lines and disposal plants was not before the court.

The policy of this department in matters involving the approval of bond issues is to decline to approve an issue in those instances where there appears any reasonable doubt of our authority to do so in order that an immediate and authoritative determination of the question may be made in court. Such a reasonable doubt of our authority to approve the bond issue contemplated appears in this instance, requiring the application of this salutary policy.

We have informed the district that we will be very glad to cooperate with them in every way possible in a mandamus hearing in the Supreme Court to determine the validity of bonds issued for sanitary sewer lines and disposal plants.

Therefore, you are respectfully advised that it is the opinion of this department that expenditures for the purpose of constructing sanitary sewer lines and disposal plants should not be approved by you.

Our Opinion, Number O-1011, bearing date of July 13, 1939, is hereby withdranw, and this opinion is substituted in lieu thereof.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 18, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

By

COB-s:egw

    s/ Claud O. Boothman
    Claud O. Boothman
        Assistant

This opinion considered and approved in limited conference.